UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM DAVIS,<br><br>                          Petitioner,<br>      v.<br>LARRY SMALLS, Warden,<br>                         Respondent. | Civil No.   09-cv-2922-JLS (POR)<br><br>**REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED**<br><br>**[Doc. 12]** |

**I. INTRODUCTION**

On December 28, 2009, Petitioner Jim Davis, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On May 6, 2010, Respondent filed a Motion to Dismiss the Petition, arguing Petitioner failed to allege a cognizable claim for federal habeas relief. (Doc. 12.) On May 12, 2010, Petitioner filed an opposition to the motion, contending the denial of due process gives rise to cognizable claims for federal relief. (Doc. 14.) Upon a thorough review of the record, and in accordance with Local Rule 72.1(d), this Court **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED.**

**II. FACTUAL AND PROCEDURAL BACKGROUND**

In 1996, Petitioner was convicted of three counts of first degree murder with special circumstances and sentenced to a term of one year plus four consecutive terms of life without the possibility of parole. (Lodgment 1.)

On June 11, 2008, a California Department of Corrections and Rehabilitation maintenance mechanic conducted an institutional search on cell B-2-246, the cell jointly occupied by Petitioner

and Inmate Brown.  (Lodgment 2 at 1.)  Upon searching the light fixture, the mechanic discovered a metal weapon measuring six inches in length and sharpened at one end.  (Id.)  Petitioner was given a "CDCR 115" Rules Violation for possession of dangerous contraband.  (Id.)  After the incident, Petitioner was interviewed by Correctional Officer R. Acevedo, the Investigating Employee assigned to investigate the Rules Violation.  (Id. at 3.)  Petitioner declined to make a statement to the Investigating Officer, but requested that the maintenance mechanic be interviewed and present at his hearing as a witness.  (Id.)  He submitted twenty-five questions for the maintenance mechanic, eight of which were disallowed by the Senior Hearing Officer.  (Id. at 3-6.)  Petitioner received a copy of his disciplinary report fifteen days prior to the discovery period and thirty days prior to the adjudication hearing.  (Id. at 7.)

On July 17, 2008, Petitioner appeared before Lieutenant G. W. Stratton for adjudication of his Rules Violation Report. (Lodgment 2 at 7.)  The hearing rules and procedures were explained to Petitioner.  (Id. at 7.)  He stated that he understood the charges against him and waived his Miranda rights.  (Id.)  Petitioner pled not guilty and made a statement in his own defense.  (Id.)  Though Petitioner admitted to living in the cell for a long time, he claimed he was "not aware of the item being in the cell light at all."  (Id.)  Based on a preponderance of the evidence submitted at the hearing, Petitioner was found guilty of possession of dangerous contraband.  (Id. at 8.)  The Senior Hearing Officer found the evidence did not substantiate a more serious charge of possession of a weapon.  (Id.)  Petitioner was assessed 120 days forfeiture of good time credits, consistent with a Division "C" offense.  (Id.)

Petitioner exhausted his administrative remedies by filing two administrative appeals.  (Doc. 1 at 37-41.)  He argued that the search of his cell was invalid because the cell was not searched prior to his occupancy.  (Doc. 1 at 37-41.)  Petitioner further argued that he did not have the tools to remove the light cover, suggesting that he did not have access to the contraband.  (Id.)  Petitioner's appeals were denied at the Second Level of Appeal and Director's Level of Appeal.  (Id. at 37, 39.)  On February 15, 2009, Petitioner filed an Inmate Request for an Interview, requesting that the B2 Building Officer "check building logs for the exact date [he] was placed in cell B2-246."  (Doc. 1 at 24.)  The record indicates that Corrections Officer Morales contacted Central Control and verified

1  that Petitioner was placed in cell B2-246 on August 1, 1998. (Id.)

2  On March 10, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in Imperial County Superior Court, alleging due process violations regarding the administrative discipline imposed for his possession of dangerous contraband charge. (Doc. 1 at 14.) The Superior Court determined that the hearing officer's decision was supported by ponderable evidence and denied his petition. (Id. at 15.)

Petitioner then filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Fourth Appellate District, Division One. (Doc. 1 at 18.) He argued that there was insufficient evidence to hold him accountable for the rules violation. (Id.) The Court of Appeal also concluded that there was "some evidence" to support the administrative decision, and therefore denied his petition. (Id.)

Finally, Petitioner filed a Petition for Writ of Habeas Corpus in the Supreme Court of California. (Doc. 1 at 20.) The Supreme Court denied Petitioner's petition without comment on October 22, 2009. (Id.) On December 28, 2009, Petitioner filed the Petition for Writ of Habeas Corpus currently pending before this Court. (Doc. 1.)

### III. DISCUSSION

Petitioner argues that his right to due process was violated for three reasons: (1) Senior Hearing Officer Lieutenant Stratton filed a document with false information; (2) Prison officials disregarded CDCR policy and failed to search his cell prior to the date he moved in; and (3) there was insufficient evidence to sustain a finding of guilt. (Doc. 1.) Respondent moved to dismiss on the grounds that Petitioner failed to state a cognizable claim for federal relief because the loss of good time credits assessed at the disciplinary hearing did not effect the fact or duration of Petitioner's confinement. (Doc. 12-1 at 2.)

**A.     Cognizable Claim for Federal Habeas Relief**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. §1983.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). The Supreme Court has declined to

1  address whether a challenge to a condition of confinement may be brought by a petition for writ of
2  habeas corpus.  See Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004).  However, the Ninth
3  Circuit has determined that "habeas jurisdiction is proper where a challenge to prison conditions
4  would, if successful, necessarily accelerate the prisoner's release."  Ramirez v. Galaza. 334 F.3d
5  850, 859 (9th Cir. 2003).  Conversely, "habeas jurisdiction is absent, and a § 1983 action proper,
6  where a successful challenge to a prison condition will not necessarily shorten the prisoner's
7  sentence."  Id.

8  Petitioner argues that his petition is cognizable under federal habeas review because the
9  disciplinary adjudication effected the "level" of his confinement and caused him "extreme harm."  In
10  addition to a 120-day forfeiture of good time credits, Petitioner's custody status was downgraded
11  from A-1-A to A-2-B.  (Doc. 14 at 1; Lodgment 2 at 8.)  Consequently, he lost his job and suffered a
12  reduction in telephone and yard privileges.  (Doc. 14 at 1-2.)

13  Petitioner's claims are directed at the conditions of his confinement, rather than the fact or
14  duration of his confinement.  Petitioner was sentenced to a term of one year plus four consecutive
15  terms of life without the possibility of parole.  (Lodgment 1.)  As he concedes, the loss of good time
16  credits has no impact on the duration of his confinement.  (Doc. 14 at 4.)  Furthermore, the
17  restoration of Petitioner's custody level or job would not have an impact on the duration of his
18  confinement.  Accordingly, Petitioner's claims are not cognizable on federal habeas review and
19  instead must be raised, if at all, in a civil rights complaint pursuant to 42 U.S.C. § 1983.

20  The Court has discretion to construe Petitioner's claims as ones brought pursuant to 42
21  U.S.C. § 1983, and therefore retain jurisdiction over this action.  See Willwording v. Swenson, 404
22  U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition
23  attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by
24  petitioner to proceed on habeas), superceded by statute on other grounds as recognized in Woodford
25  v. Ngo, 548 U.S. 81, 84 (2006).  For the reasons discussed below, however, the interests of justice
26  do not support the exercise of such discretion because Petitioner has not stated a claim for a
27  violation of federal due process under either § 2254 or § 1983.
28  //

**B.     Due Process**

Petitioner alleges that his right to due process was violated during his disciplinary proceedings. Federal courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citations omitted). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. Meachum v. Fano, 427 U.S. 215, 223-27 (1976) (citing Wolff v. McDonnell, 418 U.S. 539, 558 (1974) (noting that "the touchstone of due process is protection of the individual against arbitrary action of government, . . . and the minimum requirements of procedural due process appropriate for the circumstances must be observed.")).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that a state-created liberty interest under the Due Process Clause of the Fourteenth Amendment may arise from conditions of confinement only if the prisoner alleges facts showing a change in his confinement that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or "will inevitably affect the duration of his sentence." Sandin, 515 U.S. at 484-87; Wilkinson v. Austin, 545 U.S. 209, 223 (2005) ("after Sandin, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life.")

Petitioner could establish a liberty interest under Sandin if "the State's action will inevitably affect the duration of his sentence." Sandin, 515 U.S. at 487. As previously discussed, Petitioner was assessed a 120-day forfeiture of good time credits, but the loss of good time credits had no impact on the duration of his confinement. To the extent Petitioner relies on the loss of telephone and yard privileges, he has not alleged a liberty interest under Sandin because those restrictions are not "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." Id. at 486. Sandin involved a prisoner serving a sentence of 30 years-to-life who was not permitted to call witnesses at his disciplinary hearing, and who was sentenced to 30 days segregation where he

had to remain alone in his cell with the exception of 50 minutes per day for exercise and showers during which he wore leg irons and waist chains. Id. at 475. The short loss of telephone and yard privileges suffered by Petitioner here are not conditions so significant as to create a liberty interest because Petitioner has not alleged that they amount to a "major disruption in his environment" when compared to those shared by prisoners in the general population. Id. at 486.

Accordingly, Petitioner has failed to allege a protected liberty interest sufficient to bring a cognizable due process claim. Because Petitioner has not invoked this Court's habeas jurisdiction under 28 U.S.C. § 2254, and the interests of justice do not support construing Petitioner's claims as ones brought under 42 U.S.C. § 1983, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

## IV. CONCLUSION

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **January 18, 2011**. This document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed **no later than 14 days** after being served with the objections. *The parties are advised that no extensions of time will be granted for purposes of filing objections.* The parties are further advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: December 15, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable Janis L. Sammartino
      All parties