# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM DAVIS,<br><br>                      Petitioner,<br>    vs.<br><br>LARRY SMALLS,<br><br>                      Respondent. | CASE NO. 09CV2922 JLS (LSP)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS;**<br>**(3) DENYING CERTIFICATE OF APPEALABILITY.**<br><br>(Doc. Nos. 12, 16) |

Presently before the Court is Magistrate Judge Louisa S. Porter's report and recommendation (R&R) advising this Court to grant Respondent's motion to dismiss. (Doc. No. 16 (R&R).) Also before the Court are Petitioner's objections to the R&R. (Doc. No. 17 (Objections).) Having considered the parties' arguments and the law, the Court **ADOPTS** the R&R and **GRANTS** Respondent's motion to dismiss.

## BACKGROUND

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus on December 28, 2009. (Doc. No. 1 (Pet.).) His claim stems from an institutional search of his prison cell during which a sharp metal weapon was found inside a light fixture. (R&R 1–2.) As a result, Petitioner received a California Department of Corrections and Rehabilitation (CDCR) rules violation for possessing dangerous contraband. (*Id.* at 2.) At a hearing before Lieutenant G. W. Stratton for adjudication of the violation, Petitioner pleaded not guilty, claiming he was "not aware of the item . . .

in the cell light at all." (*Id.*) He ultimately was found guilty of possessing dangerous contraband and assessed a forfeiture of 120 days of good time credits. (*Id.*) Petitioner also lost his prison job and certain telephone and yard privileges. (Doc. No. 14 (Opp'n), at 1–2.)

Having exhausted his administrative and state remedies, Petitioner filed the instant petition, alleging that the disciplinary adjudication violated his due process rights. (Pet.) On May 6, 2010, Respondent filed a motion to dismiss the petition, contending that Petitioner failed to allege a cognizable claim for federal habeas relief. (Doc. No. 12.) Petitioner filed an opposition to the motion on May 12, 2010. (Opp'n.) On December 15, 2010, Magistrate Judge Porter issued an R&R advising this Court to grant Respondent's motion. (R&R.) Plaintiff objected to the R&R on December 6, 2010. (Objections.)

## LEGAL STANDARD

### 1. Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

### 2. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally known as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S.— , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

1 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.*

When a court grants a motion to dismiss, the court should also grant leave to amend "'unless [it] determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, the Court may deny leave to amend if amendment would be futile. *See id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

**3.    Cognizable Claim for Federal Relief**

Under federal law, a prisoner seeking relief on complaints related to imprisonment may file a petition for habeas corpus under 28 U.S.C. § 2254 or a complaint under 42 U.S.C. § 1983. *Hill v. McDonough,* 547 U.S. 573, 579 (2006). Under Ninth Circuit law, "habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release."

1 *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). If, however, a successful challenge to a prison condition would not shorten the prisoner's sentence, "habeas jurisdiction is absent, and a § 1983 action [is] proper." *Id.*

A prisoner's misstep in proceeding on habeas is not necessarily fatal to his right to relief. Instead, courts have discretion to construe a habeas petition that attacks conditions of confinement as a complaint under § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-71, *as recognized in Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Medina v. Walker*, 2010 WL 2024526, at *2 (S.D. Cal. May 18, 2010); *Mathis v. Uribe*, 2010 WL 476672, at *2 (S.D. Cal. Feb. 4, 2010).

If a court construes a claim as one arising under § 1983, the inquiry then becomes whether the prisoner has alleged a deprivation of a liberty interest. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). At the pleading stage, the prisoner must allege facts showing that the change in confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents or prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), or "will inevitably affect the duration of the sentence," *id.* at 487. *Accord Wilkinson v. Austin*, 545 U.S. 209, 223 (2005).

## ANALYSIS

**1.      Summary of the R&R's Conclusions**

Magistrate Judge Porter concluded that Petitioner failed to state a cognizable claim under § 2254 because his principal complaint—the assessment of the 120-day forfeiture of good time credits—affected the conditions, not duration, of his confinement. (R&R 4.) The assessment did not affect the duration of Petitioner's confinement because he is currently serving four consecutive terms of life in prison without possibility of parole. (*Id.*) Judge Porter then found it improper to construe Petitioner's claims as ones arising under § 1983 because Petitioner failed to allege a deprivation of his liberty interests as required by *Sandin*. (*Id.*) Specifically, Judge Porter found that the assessment forfeiting Petitioner's good time credits did not "inevitably affect the duration of the sentence." (*Id.*) Judge Porter also found that Petitioner's loss of telephone and yard privileges did not impose an "atypical" or "significant" hardship. (*Id.*)

**2.      Objections to the R&R's Conclusions**

Petitioner does not dispute Judge Porter's conclusion that he has failed to state a cognizable claim under § 2254. (*See* Objections.) Because Petitioner does not object, the Court reviews that conclusion for clear error, finds none, and **ADOPTS** that portion of the R&R.

Petitioner insists, however, that the Court should analyze his claims under § 1983, arguing that he has alleged a deprivation of liberty interests of the order that *Sandin* requires. (*Id.* at 3.) Specifically, Petitioner contends that losing his telephone and yard privileges, good time credits, and job had a "major impact" on his confinement. (*Id.* at 2.) The Court disagrees. Short deprivations of telephone and yard privileges do not work "major disruption[s]" in a prisoner's environment. *Sandin*, 515 U.S. at 486. Nor does forfeiture of good time credits or loss of prison employment. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Ingram v. Papalia*, 804 F.2d 595, 596–97 (10th Cir. 1986) (collecting cases).

Petitioner also challenges the fairness of the disciplinary procedures, contending prison officials (1) failed to search the light fixture before moving him into the cell and (2) denied him access to allegedly exculpatory log entries during the adjudicatory process. (Objections 1–2.) But these contentions mirror the assertions that Petitioner pursued in the state courts. Indeed, in his habeas petition, Petitioner concedes that he raised these two contentions in the state courts. (*See* Pet. 5–6.) The judgments of those courts, although rendered in habeas proceedings, preclude Petitioner from relitigating these contentions under § 1983. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981); *see also Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850–51 (9th Cir. 1986); *Allen v. Vaughn*, 1998 WL 61317, at *1 (N.D. Cal. Feb. 4, 1998); *Cross v. Cambra*, 1997 WL 797902, at *1 (N.D. Cal. Dec. 9, 1997); *Harvey v. Cambra*, 1997 WL 102503, at *1 (N.D. Cal. Feb. 21, 1997); *Somoza v. Marshall*, 1993 WL 149980, at *2 (N.D. Cal. Apr. 27, 1993).

Accordingly, Petitioner fails to state claims under 28 U.S.C. § 2254 and 42 U.S.C. § 1983.

**3. Certificate of Appealability**

The Court is obliged to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by

1 showing that "reasonable jurists" would debate the Court's assessment of the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the claim is dismissed on procedural grounds, the petitioner must show that reasonable jurists would debate whether (1) the petition "states a valid claim of the denial of a constitutional right" and (2) the Court was correct in its procedural ruling. *Id.* at 478.

The Court made two rulings, one substantive and one procedural. As to the substantive ruling, the Court concludes that reasonable jurists would not debate its assessment of the constitutional claims. As to the procedural ruling, the Court concludes that reasonable jurists would not debate the petition's failure to state a claim or the validity of the Court's procedural ruling. Accordingly, no certificate of appealability should issue.

## CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R in full. Respondent's motion to dismiss is hereby **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. The certificate of appealability is **DENIED**. This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 25, 2011

Honorable Janis L. Sammartino
United States District Judge